The amended declaration, among other things, alleges that sometime prior to the 7th day of October 1947, defendant excavated the earth so as to construct an artificial lake or pond on its lands just outside the corporate limits of the City of Auburndale, that said pond was of varying depth with sloping banks of white sand, that it was within a few feet of the public highway in a settled community where there are many children of tender years, that said pond and its white sand banks was alluring to said children who congregated around it and played on its white sand banks and in its waters, that defendant negligently left the said pond open, unfenced, unguarded and unprotected, without signs or warnings of any character, that the plaintiff and his family lived in their home about 300 feet from said pond, that on the 8th day of October 1947, the infant child of the plaintiff, Kenneth Edward Allen, two and one half years old, without the knowledge of his parents was attracted to the white sand banks and water in said pond and lost his life by drowning, due solely to the negligence of the defendant in constructing said pond and leaving it unguarded. A demurrer to the amended declaration was sustained and final judgment was entered for the defendant. This appeal is from the final judgment.
The only point for determination is whether or not an artificial lake or pond may be, under the facts stated, amenable to the attractive nuisance doctrine.
The rule supported by the decided weight of authority is that the owner of artificial lakes, fish ponds, mill ponds, gin ponds and other pools, streams and bodies of water are not guilty of actionable negligence on account of drownings therein unless they are constructed so as to constitute a trap or raft or unless there is some unusual element of danger lurking about them not existent in ponds generally. Ramsay *Page 707 
v. Tuthill Building Material Co., 295 Ill. 395, 129 N.E. 127, 36 A.L.R. 23; United Zinc and Chemical Co. v. Britt, 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615, 36 A.L.R. 28; 56 American Jurisprudence 850. The last cited authority was relied on by the trial court to support his order overruling the demurrer. It illustrates both the rule and the exceptions and shows conclusively that the cases are not all one way.
We think the allegations of the declaration bring this case within the exception to the general rule. A spoil bank of white sand adjacent to an artificial lake or pond is an unusual element of danger and will render it more attractive than the ordinary pond. There is nothing more enticing to a child or a gang of children than a sand pile. One of the most common accessories of a child's play ground equipment is a sand box or a sand pile. The day school, the church school and the kindergarten are supplied with them. Children are as prone to resort to a sand pile as a mule is to a hay stack, a dog is to a meat house or bees are to a sugar kettle. It is just as natural for children of tender years to play on a sand pile as it is for their elder brothers to loaf around a sorority house or their grandfathers to respond to a dinner call.
The declaration alleges that the pond in question was located near the plaintiff's home, along a public highway in a thickly settled community where there were many children. It was something new and naturally excited their curiosity. It was not protected and gave no warning whatever of unusual or hidden danger. The same rule would not apply to natural ponds and lakes because they are approached on a slightgrade and the waters warn one of the danger. If the spoil banks were leveled, artificial ponds might be controlled by the general rule, but to leave white sand banks along the edge of an artificial pond or lake to entice children to play on them creates an unusual element of danger that subjects them to the attractive nuisance doctrine. It is common knowledge that some ponds are so constructed that a child may easily slide down the spoil banks into water as much as ten feet deep with nothing but gravity to retard its potential journey to eternity. Children of tender years are not expected to sense such dangers.
We think the declaration was sufficient to state a cause of action, so the judgment appealed from is reversed with directions to reinstate the cause and proceed accordingly.
Reversed.
CHAPMAN, HOBSON and ROBERTS, JJ., concur.
ADAMS, C.J., and THOMAS and SEBRING, JJ., dissent.