57 So.2d 881 (1952)
LOMAS
v.
WEST PALM BEACH WATER CO. (two cases).
Supreme Court of Florida, Division A.
March 28, 1952.
Rehearing Denied April 25, 1952.
Louis Leibovit, Harry Goodmark, West Palm Beach, and Watkins & Cohen, Tallahassee, for appellant.
Loftin, Anderson, Scott, McCarthy & Preston, Robert H. Anderson, and William S. Frates, all of Miami, for appellee.
TERRELL, Justice.
These appeals are from summary judgments in two suits arising from the same tragedy. In the first, Leila Lomas appeals as mother of a deceased minor child. In the second suit she appeals as administratrix of the minor child, who was drowned while swimming in a pond located on the premises of appellee. The complaint alleges that the West Palm Beach Water Company created the pond and that it was constructed with white sand banks so that deceased was lured to it and that it constituted an attractive nuisance.
Defendant answered the complaint denying all material allegations and moved for summary judgment on the ground that there was no dispute as to material facts. Attached to the motion to dismiss was an engineer's drawing illustrating the depth of the water, the contour and approach to the pond, including affidavits supporting the contention that the pond had no spoil banks, that it was isolated and the approach *882 to it was on a slight grade. Plaintiff also submitted affidavits at the hearing on the motion which did not contradict those filed by defendant. The trial court found that plaintiff failed to make a case under the attractive nuisance doctrine and entered summary judgment for defendant. The plaintiff appealed.
The complaint attempted to make a case within the rule announced by this Court in Allen v. William P. McDonald Corporation, Fla., 42 So.2d 706, wherein we held with the decided weight of authority that owners of artificial lakes, fish ponds, mill ponds, gin ponds and other pools, streams and bodies of water are not guilty of negligence for drownings therein unless they are constructed so as to constitute a trap or raft or unless there is some unusual element of danger lurking about them not existent in ponds generally. Appellant failed to make a case within this rule.
We approve the procedure followed by the trial court in considering affidavits, documents and other evidence when confronted with the motion for summary judgment. The rule should be administered so as to serve its purpose and reach a just conclusion. When the issues were made there was nothing before the court except the question of whether or not the declaration made a case within the rule announced in Allen v. William P. McDonald Corporation, supra.
Affirmed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.