98 So.2d 87 (1957)
S. ANSIN, Appellant,
v.
Ralph L. THURSTON, individually and as Administrator of the Estate of Ralph L. Thurston, Jr., Deceased, Minor, Appellees.
No. 57-39.
District Court of Appeal of Florida. Third District.
November 5, 1957.
Rehearing Denied December 3, 1957.
Blackwell, Walker & Gray, and John R. Hoehl, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, and Sam Daniels, Miami, for appellees.
PEARSON, Judge.
The appellant was defendant in each of the two cases now considered upon a consolidated appeal. The cases arose out of an accident which resulted in the death by drowning of appellee's minor son, Ralph L. Thurston, Jr. The first case was brought by the father, Ralph L. Thurston, individually and the second as the administrator of his son's estate. The causes were tried together below and are now considered together in this court.
These cases were transferred from the Supreme Court of Florida to this court under the authority of Sec. 26(6), Article V of the Constitution as amended, F.S.A. Prior to the transfer, the appellees filed a motion to strike points two and three in appellant's brief and the argument thereon upon the ground that said points were not raised by the only assignment of error argued thereunder. Point two attempted to raise alleged error in a charge to the jury and point three alleged error in the admission of a photograph. It was sought to base these points upon the following assignment of error:
"The court erred in denying defendant's motion for a new trial."
The Supreme Court struck appellant's points two and three. There remains for our consideration appellant's point number one which is based upon assignments of error directed to the refusal of the trial court to direct a verdict. Therefore, the *88 evidence on this appeal must be viewed in the light most favorable to the plaintiff. Viewed in this light there was sufficient evidence to establish each of the elements of the plaintiff's case and the court did not commit error by its refusal to take the case from the jury.
The complaints in these actions are identical in the portions alleging negligence. The cause of action in each instance is dependent upon the proof of facts sufficient to bring the situation which existed upon the property of the defendant within the basis of liability in tort that is usually referred to as "Attractive Nuisance". This doctrine was applied first to the maintenance of a condition where children of immature age are lured to go upon dangerous machines or contrivances. See May v. Simmons, 104 Fla. 707, 140 So. 780. It has found a broader application in many cases and its application to the danger of artificial bodies of water was approved by the Supreme Court of Florida in Allen v. William P. McDonald Corporation, Fla. 1949, 42 So.2d 706.
In that case the court adopted the rule that the owner of an artificial body of water is not guilty of actionable negligence on account of drownings therein unless it is constructed so as to constitute a trap or unless there is some unusual element of danger lurking about it not existent in ponds generally. The court found that the existence of a spoil bank of white sand along the edge of the artificial lake or pond was an unusual element of danger and sufficient to bring that case within the exception to the rule stated. The Supreme Court has applied the general rule where the exception does not exist. See Newby v. West Palm Beach Water Co., Fla. 1950, 47 So.2d 527; and Lomas v. West Palm Beach Water Co., Fla. 1952, 57 So.2d 881.
In the cases now before us the plaintiff's evidence briefly stated was that the defendant purchased fourteen acres of land in the City of Opa-Locka in Dade County, Florida. Prior to defendant's purchase, the former owner had excavated a pit which filled with water. To beautify the area for real estate development the banks of white sand were graded, leaving however, a sudden drop off three feet from shore; so that at such point the depth of the water suddenly increased to a depth that would be over a child's head. The defendant had knowledge that a floating dock and a raft had been placed in the water and that the area was being used by trespassers as a swimming place. The wooden dock rested on the sandy bank and extended out into the water about twelve feet. It floated in the water, and just off this inviting pathway to danger was a make shift raft. The raft from its construction was prone to tip. More than a year after defendant's purchase and several months after defendant learned of the conditions existing, the deceased child, who had never visited the area before went to play there. No precautions of any kind had been taken by the defendant to prevent the possibility of tragedy; although the area was easily accessible to children, being close to well traveled streets, homes and about seven blocks from an elementary school.
Ralph Thurston, Jr., was nine years of age and was last seen alive by two other boys who saw him playing on the raft. The boy's body was found in the deep water near the raft and his bicycle was lying by the dock.
The circumstances above set forth bring the case within the exception to the general rule as to an owner's liability for drownings in an artificial body of water and place them under the attractive nuisance doctrine. It is certain that children would be attracted to such a place and the dangerous condition of the floating dock and tipsy raft taken with the sudden drop to deep water (which is a part of the nature of a pit) were sufficient to establish a prima facie *89 case. The conflicts in the testimony were resolved by the jury.
Affirmed.
HORTON, J., and LOPEZ, Associate Judge, concur.