203 So.2d 628 (1967)
Harold E. HENDERSHOT, Appellant,
v.
The KAPOK TREE INN, INC., Appellee.
No. 67-154.
District Court of Appeal of Florida. Second District.
November 3, 1967.
Rehearing Denied December 1, 1967.
Robert Orseck, of Podhurst & Orseck, and Nichols, Gaither, Beckham, Colson, Spence & Hicks, Miami, for appellant.
John T. Allen, Jr., of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellee.
LILES, Chief Judge.
Appellant appeals from the trial court's dismissal with prejudice of appellant-plaintiff's second amended complaint.
Appellant's two-year-old son drowned in an artificial pond located within an ornamental garden which was owned and maintained by appellee. Appellant sued under Section 768.03, Florida Statutes, F.S.A., for the wrongful death of his son alleging that appellee created and maintained an attractive nuisance.
The sole question before this court is whether appellant's complaint states a cause of action.
The appellant in his complaint alleged:
"5. That the defendant had created and at all times material operated and maintained an inherently dangerous condition *629 upon its premises, namely an outside garden with the following pertinent features:
(a) an artificial pond filled with dark, murky water, which created an illusion of shallowness, the banks of which sloped gradually down to the water's edge and continued on in the same gradual sloping manner to a point approximately two feet from the water's edge where there was a trap-like sharp drop-off with the water suddenly going from a depth of approximately six to twelve inches to approximately four feet in depth; that in the center of the pond, a short distance off shore, there was a small island which further contributed to the deceptive illusion of shallow water between the shore and island;
(b) a red fire truck with bell on the opposite shore;
(c) live ducks on the pond and between the island and banks;
(d) shade trees, shrubs and flowers in and about the island and adjacent to the pond and on the opposite shore;
(e) a high fence which completely enclosed the garden except for an eighteen foot opening or gap at which there was no fence, gate or other obstacle to entering the grounds."
It is well established that the general rule in Florida is that owners of artificial ponds "* * * are not guilty of actionable negligence on account of drowning therein unless they are constructed so as to constitute a trap or raft or unless there is some unusual element of danger lurking about them not existent in ponds generally." Allen v. William P. McDonald Corporation, Fla. 1949, 42 So.2d 706; see Banks v. Mason, Fla.App. 1961, 132 So.2d 219; Howard v. Atlantic Coast Line Railroad Co., 231 F.2d 592 (5th Cir.1956). Thus, the critical issue is whether the garden and pond fall, under Florida case law, within the exception to the general rule: Were they constructed in such a manner as to constitute a trap or was there some unusual element of danger lurking about not existing in ponds generally?
The Florida Supreme Court held in Allen v. William P. McDonald Corporation, supra, that a spoil bank of white sand adjacent to an artificial lake was such an unusual element of danger as to fall within the exception to the rule. The court stated:
"* * * The same rule would not apply to natural ponds and lakes because they are approached on a slight grade and the waters warn one of the danger. If the spoil banks were leveled, artificial ponds might be controlled by the general rule, but to leave white sand banks along the edge of an artificial pond or lake to entice children to play on them creates an unusual element of danger that subjects them to the attractive nuisance doctrine. It is common knowledge that some ponds are so constructed that a child may easily slide down the spoil banks into water as much as ten feet deep with nothing but gravity to retard its potential journey to eternity. * * *" Allen v. William P. McDonald Corporation, supra, 42 So.2d at 707.
In Larnel Builders, Inc. v. Martin, Fla. App. 1958, 105 So.2d 580, the court said:
"* * * The deceased child and a companion were attracted by the high mound of spoil and went there to play. The steep slope on the inner side, running directly into the canal, created a hazardous condition, the portent of which was fulfilled when the deceased boy slipped or fell into the deep and murky water of the adjacent canal and was drowned. The facts brought the case within the doctrine of attractive nuisance." Larnel Builders, Inc. v. Martin, supra, at 582.
The defendant in Ansin v. Thurston, Fla. App. 1957, 98 So.2d 87, had knowledge that a floating dock and raft had been placed in *630 an artificial lake located on his land. The court held:
"* * * It is certain that children would be attracted to such a place and the dangerous condition of the floating dock and tipsy raft taken with the sudden drop to deep water (which is a part of the nature of a pit) were sufficient to establish a prima facie case." Ansin v. Thurston, supra, at 88.
The case of Howard v. Atlantic Coast Line Railroad Company, 231 F.2d 592 (5th Cir.1956), involves a five-year-old boy who drowned when he fell into an abandoned water well. The Court in interpreting Florida law held that:
"In the drowning cases, there has invariably been required, for liability, a type of approach to the body of water in question different from and more dangerous than the approaches to most natural bodies of water. * * *
"* * * There was nothing about the approach to the well in this case which would cause one to slip or fall into it any more than one would fall into any natural body of water. * * *" Howard v. Atlantic Coast Line Railroad Company, supra, at 594.
This court in Banks v. Mason, Fla.App. 1961, 132 So.2d 219, ruled that where a three-year-old boy drowned in a swimming pool the complaint failed to state a cause of action under the attractive nuisance doctrine in absence of a showing that the pool constituted a trap or latent danger.
A twelve-year-old girl in Switzer v. Dye, Fla.App. 1965, 177 So.2d 539, was injured when she dived from a dock into three to five feet of water. The court held that it could not be said that a trap or unusual element of danger was created that would justify invoking the attractive nuisance doctrine. See Lomas v. West Palm Beach Water Co., Fla. 1952, 57 So.2d 881; Newby v. West Palm Beach Water Co., Fla. 1950, 47 So.2d 527, for other cases in which it was held that the attractive nuisance doctrine was not applicable.
In the Allen, Larnel and Ansin cases cited above, wherein the courts found that the attractive nuisance doctrine was applicable, there was present a man-made condition which involved an unusual element of extreme danger. We find that a comparison of the factual situation in the instant case with those cases cited above, both those in which the attractive nuisance doctrine was applied and those in which it was not, discloses that in the instant case there was not alleged the presence of the unnatural, unusual element of danger of the type and nature that is necessary to invoke the attractive nuisance doctrine. Therefore, the lower court's dismissal is affirmed.
Affirmed.
SHANNON and PIERCE, JJ., concur.