216 So.2d 221 (1968)
CONCRETE CONSTRUCTION, INC., OF LAKE WORTH, a Florida Corporation, Nathan Adler and Louis Zehnle, Individually, and Doing Business As Brazillia Apartments, Petitioners,
v.
Bruce N. PETTERSON, a Minor, by and through His Next Friend, Natural Guardian and Father, Birger Petterson, and Birger Petterson, Individually, Respondents.
Nos. 36764, 36852.
Supreme Court of Florida.
June 12, 1968.
On Rehearing November 13, 1968.
Sutton, James, Bielejeski & Lunny, Ft. Lauderdale, and Pomeroy, Blanton, McVeigh *222 & Pomeroy, for Concrete Construction, Inc., of Lake Worth.
Jones, Adams, Paine & Foster, West Palm Beach, for Nathan Adler and Louis Zehnle, individually, and d/b/a Brazillia Apartments.
Cone, Wagner, Nugent, Johnson, McKeown & Dell, Ft. Lauderdale, for respondents.
ADAMS, Justice.
In this case we granted certiorari to review a judgment of the Fourth District Court of Appeal, 202 So.2d 191.
The action was brought to recover damages to a minor child. The essence of the suit charges that:
Plaintiff, Bruce Petterson, eleven years old, and a friend entered onto property which was owned by defendants and on which a building was under construction. The plaintiff found some .22 caliber cartridges that were used in a ram-jet instrument designed to drive screws into concrete walls. Plaintiff took some of the cartridges home with him, and he was injured the following day when one of the cartridges exploded. The suit is against the landowners and the contractor.
This action was predicated upon liability under the theory of attractive nuisance. The statement as well as the application of this concept of liability has been fraught with difficulty from the earliest appearance in this Court. See the well considered opinion, concurring and dissenting opinions in Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330, 41 A.L.R. 1323. See also Peters v. City of Tampa, 115 Fla. 666, 155 So. 854.
The law is a science and to apply it we must fix and recognize the status of the parties involved in order to determine the degree of care of one to another. The child who enters upon another's property in response to a special attraction is classified as an implied invitee, and in such status the owner of the premises owes a duty to exercise reasonable care and caution which a prudent person would and should exercise not to injure the child intruder. See Tucker Brothers, Inc. v. Menard, Fla., 90 So.2d 908; Ansin v. Thurston, Fla.App., 98 So.2d 87; Adler v. Copeland, Fla.App., 105 So.2d 594; Miller v. Guernsey Construction Co., Fla.App., 112 So.2d 55; Edwards v. Maule Industries, Inc., Fla.App., 147 So.2d 5.
So the first prerequisite of plaintiff's case is an allegation of the something which allured the child else he had no status calling for reasonable care. Plaintiff here relies upon the premise that any building under construction is such as to allure a child. On this we must declare the District Court in conflict with Miller v. Guernsey Construction Co., supra, wherein it was held that a building under construction is not per se an attractive nuisance. In the absence of the alluring character to attract the child, he would enter as a trespasser and in that case the duty of care would differ in that it would require a showing of gross negligence or wanton or willful injury. Thus the status of the child, whether invitee or trespasser, becomes material: for while an invitee may recover for simple negligence  that is failure to exercise reasonable care and prudence for the child's safety  the trespasser can only recover by establishing gross negligence. Gross negligence simply defined is failure to use slight care.
A portion of the opinion under review challenging our attention reads as follows:
"* * * Before Florida adopted Restatement, § 339, Cockerham v. R.E. Vaughan [Inc., Fla., 82 So.2d 890], supra, a requirement of the doctrine of `attractive nuisance' was premised upon an allurement or attraction to the child to the land. This factor is now eliminated from the Restatement of Torts."
*223 Although we often cite the Restatement in such instances as appropriate, we have never adopted it in the sense of altering basic elements in a cause of action. Since this Court first approved this so-called attractive nuisance doctrine in Stark v. Holtzclaw, supra, we have steadfastly held that it must be alleged that defendant allured the youthful plaintiff upon the dangerous premises, for without such showing plaintiff could not attain a status of implied invitee, which status entitles him to recover based upon simple or ordinary negligence.
Our next and final conclusion is in accord with the Circuit Judge in holding the explosion too remote in point of time and location to allow the claim to stand for trial. After the child has satisfied his curiosity and departed from the premises he ceases to be an invitee and his act in exploding the cartridge afterwards upon his own premises is too remote to allow recovery against his would-be host. To recognize liability under such circumstances would be nothing short of making the defendant an insurer of the child's safety at a time and place where defendant would have no knowledge or authority to supervise the child.
The writ having been issued the judgment of the District Court of Appeal is quashed.
It is so ordered.
CALDWELL, C.J., and THOMAS and ROBERTS, JJ., concur.
DREW, J., dissents with opinion.
THORNAL and ERVIN, JJ., dissent and concur with DREW, J.
DREW, Justice (dissenting):
The district court in this attractive nuisance case held that plaintiffs should have been granted leave to amend their complaint, that amendment would not necessarily involve a fatal departure from the stated facts, and that the trial court erred in dismissing with prejudice and in finding that the complaint showed lack of proximate cause as a matter of law because the explosion and injury did not occur until after the minor plaintiff carried away the cartridges he found scattered on defendant's construction site.
Contrary to the holding of the majority, I am unable to find in the opinion of the district court, 202 So.2d 191, any express or implied decision that a building under construction is per se an attractive nuisance, in conflict with the ruling in Miller v. Guernsey Constr. Co., 112 So.2d 55, or other cited cases. On this point the district court held only that the complaint sufficiently alleged that the place and condition causing injury were such that defendant knew or had reason to know that children were likely to trespass and that the condition involved an unreasonable risk of serious bodily harm to such children. I find no real disparity between the statement of this rule from Sec. 339, Rest. Torts, and the expressions in our cases applying the doctrine of attractive nuisance. The fundamental requirement is that the allegations show defendant had reason to know children would come onto the premises as trespassers. I find no fault with the view of the court in this case that the term "attractive nuisance" is simply a label better defined by the Restatement rule; the reference in the opinion to Cockerham v. R.E. Vaughan, Inc., 82 So.2d 890, as a decision which "adopted" the Restatement rule is only technically inaccurate, as is the observation that the factor of attraction "is now eliminated from the Restatement of Torts." I find no previous comment in the cases on this point, and therefore no conflict of decisions.
The allegations considered sufficient in this case to permit a finding of attraction, or conditions such that defendant must expect minor trespassers, were in part: that *224 there were about the structure boards, blocks of wood, loose sand and such items which attract young children for playing; that there were children living in the neighborhood and these children were attracted to this construction site and played on this construction site; and that the defendants knew or in the exercise of due care should have known that if small children were to find these cartridges they could easily be exploded and cause serious injuries.
My study of the cases relied on by petitioner[1] does not indicate any basis for the exercise of certiorari jurisdiction, or even any support for the proposition that the minor plaintiff's taking loose cartridges from the premises was unforeseeable so as to constitute an independent intervening cause which would relieve defendant of liability as a matter of law. The decision, in my opinion, very carefully and correctly quotes and follows the previous decisions of this Court on this subject.
I would discharge the writ as improvidently issued and leave undisturbed the decision remanding the cause for amendment of the complaint.
THORNAL and ERVIN, JJ., concur.

ON REHEARING GRANTED
PER CURIAM.
A rehearing having been granted in this cause and the case having been further considered upon the record, briefs and argument of counsel for the respective parties, the opinion and judgment of this court filed June 12, 1968 is hereby adhered to on rehearing.
CALDWELL, C.J., and THOMAS, ROBERTS and ADAMS (Ret.), JJ., concur.
DREW, THORNAL and ERVIN, JJ., dissent.
NOTES
[1] Edwards v. Maule Industries, Inc., 147 So.2d 5 (D.C.A. 3rd Fla. 1962); Allen v. William P. McDonald Corp., 42 So.2d 706 (Fla. 1954); Carter v. Livesay Window Co., 73 So.2d 411 (Fla. 1954); Cockerham v. R.E. Vaughan, Inc., 82 So.2d 890 (Fla. 1955); Newby v. West Palm Beach Water Co., 47 So.2d 527 (Fla. 1950) and Lingefelt v. Hanner, 125 So.2d 325 (D.C.A. 3rd Fla. 1960).