239 So.2d 151 (1970)
Richard SAMSON, Father of Robert Norman Samson, His Deceased Minor Child, and Richard Samson, As Administrator of the Estate of Robert Norman Samson, His Deceased Minor Child, Appellant,
v.
William O'HARA and Rina O'Hara, Husband and Wife, Appellees.
No. 69-279.
District Court of Appeal of Florida, Second District.
September 11, 1970.
*152 Herb Blessing, of Lee, Blessing & Hockett, Sarasota, for appellant.
Warren McMullen, of Dart, Bell & Dickinson, Sarasota, for appellees.
MANN, Judge.
Appellant's eighteen-month-old son drowned in appellees' swimming pool. We think his third amended complaint makes out a cause of action based on what is commonly miscalled "attractive nuisance."
The complaint alleges that the appellees were not at home at the time, but had left open a door in the pool enclosure and had left a hose at the edge of the pool through which water was running. The sound of the water was audible outside the enclosure.
The original complaint was obviously deficient: it alleged that the pool was inherently dangerous and alleged no chain of circumstance which would amount to negligent conduct. Of course the owner of a pool does not, by the fact of his ownership, insure against harm to trespassing children. Lomas v. West Palm Beach Water Co., Fla. 1952, 57 So.2d 881. The amended complaint before us alleges sufficient unusual circumstances which might ground a finding, upon proper proof, that appellees negligently presented an attractive sound and an open door less than two feet from the pool in which the child drowned.
There are several factors which bear on liability for injury to a young trespassing child. Too much is made of catchwords like "trap" or "snare" and of the distinction between natural and artificial bodies of water. In the final analysis there is an interplay of circumstance. The predictability of trespass, the ease of guarding against injury, the question whether the defendant, having provided against trespass by a fence or gate has left an opening where usually there was none, all combine to present a question of the reasonableness of defendant's conduct. The development of the law of attractive nuisance has been toward a rule simply and generally stated which would overcome the general rule that one is not liable toward a trespasser except for willful injury.
The history of the attractive nuisance doctrine is traced, and the authorities are cited in Petterson v. Concrete Construction, Inc. of Lake Worth, Fla.App. 1967, 202 So.2d 191. We need not repeat that lengthy discussion. It is still relevant to this case despite the fact that that decision was quashed in Concrete Construction, Inc., of Lake Worth v. Petterson, Fla. 1968, 216 So.2d 221. Even under the view Mr. Justice Adams took there  which we think less sound than that Mr. Justice Drew expressed in a dissent concurred in by two other members of the present court  the "allurement" is sufficiently alleged here.
The question is ultimately one of reasonable conduct under all the circumstances. See James, Tort Liability of Occupiers of Land: Duties Owed to Trespassers, 1953, 63 Yale L.J. 144 at 163; Prosser, Trespassing Children, 1959, 47 Calif.L.Rev. 427; Restatement, Torts 2d § 339; Ansin v. Thurston, Fla.App. 1957, 98 So.2d 87; Larnel Builders, Inc. v. Martin, Fla.App. 1958, 105 So.2d 580.
Reversed and remanded.
HOBSON, C.J., and LILES, J., concur.