HENDRY, Judge.
Appellant-plaintiffs John Nunnally, a minor, and his father, Amos Nunnally, seek review of a final judgment entered against them pursuant to a motion made by the ap-pellee-defendant, the Miami Herald Publishing Company, at the close of plaintiffs’ case in a non-jury trial.- Their action was pursued under the attractive nuisance theory-
The facts, when reviewed in the light most favorable to the appellant-plaintiffs are that the minor son, then aged eight, was in the company of his older brother, then aged fourteen, and another young friend. They initially went to the Miami Herald Building on July 3, 1968, to pick up newspapers to sell. Later, they entered a loading dock area of the building where eight conveyers were operating. In the brief and at oral argument it was stipulated that the boys were trespassers, at least for the purpose of invoking the attractive nuisance doctrine.
A private security guard was stationed near an entrance to this area at the time which was relevant to this suit.
The conveyer belt operator saw the boys playing in an area near the conveyers, and he ordered them away. About twenty to thirty minutes later the minor plaintiff, while playing in the area, slipped and had his arm caught between a conveyer belt and a steel plate. He was seriously injured as a result.
The general rules concerning liability imposed upon the owners and occupiers of land for injuries which occur on their premises are well known. Prosser, Torts, Ch. 11 (3rd ed., 1964). In Florida, in the case of a trespassing adult, the duty of care owed by the owner or occupier is slight care, therefore, liability under an action for negligence will be imposed only where the owner or occupier is grossly negligent, or engages in wanton or wilful conduct. See: Concrete Construction, Inc., of Lake Worth v. Petterson, Fla.1968, 216 So.2d 221.
The harshness of this rule may be avoided in the case of trespassing children by application of the attractive nuisance doctrine. The attractive nuisance doctrine will render the trespassing child an implied invitee. In such a status, the owner of the premises owes a duty to the child to exercise a higher standard of care, that of reasonable care and caution which an ordinary, reasonable and prudent person would and should exercise not to injure the child intruder. Concrete Construction, Inc., of Lake Worth v. Petterson, supra; cf. Britz v. LeBase, Fla.1971, 258 So.2d 811, 813.
In 1968, under the Concrete Construction case, supra, Florida adhered to the older and somewhat stricter rule that required a special attraction or presence of something which allured the child as an element to be alleged and proved, where the attractive nuisance doctrine is sought to be invoked in action against an owner or occupier of land for his negligent personal injury of a child intruder. Judge Mann in Green Springs, Inc. v. Calvera, Fla.1970, 239 So.2d 264, affirming in part and quashing in part Calvera v. Green Springs, Inc., Fla.App.1969, 220 So.2d 414, commented upon the doctrine, which was held inapplicable in that case to a situation where the injured child was not a trespasser. Rather, the rules of ordinary negligence were held to apply there. The attractive nuisance doctrine has been criticized in Florida. However, the Florida Supreme Court has not yet overruled Concrete Construction, Inc., of Lake Worth v. Petterson, supra, which continues to require the attraction or allurement element.
In our analysis of the instant trial court’s final judgment, we must begin with *78 the proposition that it comes to this court clothed with a presumption of correctness.
In the instant case the parties have stipulated that the boys were trespassers, at least for the purpose of invoking- the attractive nuisance doctrine. In fact, the record contains competent, substantial evidence supporting the legal conclusion that the boys were trespassers in the loading dock area at the time the minor plaintiff suffered his injury.
At the time of the injury, the minor plaintiff was not allured or attracted to the loading dock area or the conveyor belt. The evidence demonstrates that they were playing in the building, and that during the course of their playing passed to that area of the building. Specifically, they were running after and chasing one another through the building, when the minor plaintiff slipped and fell near the conveyor. A private security guard was stationed where the company would reasonably expect persons to enter; but these boys did not enter from that section of the building. They had initially been warned away from this area by the conveyor belt operator and they had left from that area. Therefore, it was an unfortunate, incidental occurrence that their games placed them in the area of the conveyors, some twenty to thirty minutes after the operator’s warning.
We note, but only in passing, that written warnings were posted. In view of the age of the minor plaintiff this factor has virtually no consequence.
After a careful examination of all the evidence we have reached the conclusion that there was no evidence sufficient to support a judgment for the plaintiffs because we believe that the minor’s injuries were not caused by any fault or negligence of the defendant. Therefore we hold that the trial judge was correct in entering a judgment in favor of the defendant at the close of the plaintiffs’ case.
Affirmed.