SMITH, Judge.
Winn-Dixie Stores, Inc. appeals from a summary judgment in favor of Virginia Construction Co., Inc., on Winn-Dixie’s third-party claim for indemnity in an action by a shopper who was injured by a fall in Winn-Dixie’s market in the course of renovations by appellee Virginia. The shopper was crossing a plywood cover which Virginia had placed over a temporary excavation in the floor when the braces beneath the cover collapsed. The trial court held that there was no genuine issue as to any material fact and that, as a matter of law, Winn-Dixie was not passively negligent but actively negligent in failing to protect its patrons from or warn them of the danger of walking across the plywood.
We conceive that the trial court record at the time of the summary judgment hearing failed to demonstrate as a matter of law that appellant Winn-Dixie created the negligent condition which resulted in the shopper’s injury, had actual knowledge of its creation by Virginia or otherwise was actively negligent as in Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla.App. 1st, 1963), modified and affirmed, Winn-Dixie Stores, Inc. v. Pepsi-Cola Bottling Co., 160 So.2d 102 (Fla.1964). The dangerous condition resulting in the shopper's injury was not simply that a wooden cover had been built to permit pedestrian passage through the store but rather that it had been built by Virginia in such a way that the underpnnings buckled under the weight of Virginia’s wheelbarrows and Winn-Dixie’s shopping traffic. There is no evidence in this record sufficient to support summary disposition that Winn-Dixie’s manager had actual knowledge, as in Fellows, of the dangerous condition. Winn-Dixie’s knowledge that the excavation and cover existed and its observation of the surface do not preclude a jury issue.
REVERSED.
RAWLS, Acting C. J., and HARDING, MAJOR B., Associate Judge, concur.