489 So.2d 92 (1986)
Edward KINYA and Earsley Kinya, His Wife, Individually and As Personal Representatives of the Estate of Kinya Muchai, Deceased, Appellants,
v.
LIFTER, INC., D/B/a Lake Lucerne Villas, Appellee.
No. 85-1129.
District Court of Appeal of Florida, Third District.
April 29, 1986.
Rehearing Denied June 13, 1986.
*93 Haddad, Josephs & Jack and Gary Gerrard, Coral Gables, for appellants.
Blackwell, Walker, Fascell & Hoehl and James E. Tribble and Angela L. DerOvanesian, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
BARKDULL, Judge.
The appellants appeal a final judgment after an adverse verdict in a wrongful death action. The action followed the drowning death of their unattended fifteen-month-old son in a lake which formed a part of the common elements area of an apartment project in which they resided. The appellee, Lifter, Inc., d/b/a Lake Lucerne Villas, was the owner and developer of the apartment complex. At the time the lake was excavated, it was done with the permission from the proper authorities and, upon completion, had the necessary "slope" along its shore and into the water.
The jury returned an interrogatory verdict finding no negligence on the part of the defendant, Lifter, Inc. Having so answered the verdict, they did not address the issues of comparative negligence and damages. This appeal ensued.
The appellants contend that there was improper closing argument; improper cross-examination; that the trial court erred in failing to strike a portion of the investigating officer's testimony; error in its instructions on a parent's duty to supervise; error in failing to give a concurring negligence charge; and lastly, that the cumulative effect of the above-cited errors *94 denied the plaintiffs a fair trial. The Kinyas did not object at trial to any of the allegedly improper statements made on closing argument. The statements may be grounds for reversal only if they constitute fundamental error. White Construction Co., Inc. v. DuPont, 455 So.2d 1026 (Fla. 1984); Gregory v. Seaboard System Railroad, Inc., 484 So.2d 35 (Fla. 2d DCA 1986); A.H. Robins Company, Inc. v. Ford, 468 So.2d 318 (Fla. 3d DCA 1985); Honda Motor Co., v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983). The statements were not fundamental error because counsel's statements were not so inflamatory as to extinguish the Kinyas' right to a fair trial. Honda Motor Co., v. Marcus, supra; Sears Roebuck & Company v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983). Counsel's comment about the Kinyas' initiation of this lawsuit was suggested as a factor that the jury should consider in weighing the Kinyas' inability to adjust to the loss of their son and the measure of damages necessary to compensate for the loss. The comments regarding the lake were merely conclusions based on counsel's analysis of the evidence. Evidence of a party's violation of/or compliance with an ordinance, regulation or statute is admissible on the issue of negligence. Caranna v. Eades, 466 So.2d 259 (Fla. 2d DCA 1985); Scott v. Midyette-Moor, Inc., 221 So.2d 178 (Fla. 1st DCA 1969). Lifter was entitled to refute the Kinyas' allegations that the lake did not conform to governmental regulations. Further, although the Kinyas contend that one of the police officer's (who came to the scene) testimony was objectionable, they failed to move to strike the testimony, request a curative instruction, or move for a mistrial. Their failure to request such relief precludes them from asserting any error based on the testimony. Nadler v. Home Insurance Company, 339 So.2d 280 (Fla. 3d DCA 1976); Kleiman v. Zap, 297 So.2d 314 (Fla. 3d DCA 1974). The denial of the Kinyas' motion to strike another officer's testimony regarding his conversation with the Kinyas clearly fell within the trial court's discretion. A witness may relate the substance of a conversation which he had with a party, even though he cannot recount the conversation verbatim. Johnson v. State, 64 Fla. 321, 59 So. 894 (1912); Ayers v. State, 62 Fla. 14, 57 So. 349 (1911); Kennard v. State, 42 Fla. 581, 28 So. 858 (1900). Section 90.701, Fla. Stat. (1983), does not bar his testimony because he was not expressing an opinion. Any error predicated on this testimony is immaterial because the jury did not address the question of the Kinyas' negligence.
The court's instruction on the Kinyas' duty of care is a correct statement of the law and was properly given. Orlando Sports Stadium, Inc. v. Gerzel, 397 So.2d 370 (Fla. 5th DCA 1981); Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1980); Perotta v. Tri-State Insurance Company, 317 So.2d 104 (Fla. 3d DCA 1975). The Kinyas cannot legitimately claim that they were harmed by the instruction. The jury found that Lifter was not negligent; therefore, they never reached the issue of the parents' comparative negligence.
The trial court did not commit reversible error in not charging the jury on concurring cause. The court's instruction and the special interrogatory verdict form effectively advised the jury that the Lifter and the Kinyas' negligence could both be legal causes of the child's death. The jury's determination is fully supported by the evidence and the law. Therefore, the verdict may not be reversed for the trial court's failure to give a concurring negligence instruction, even if it might have properly been given. City of Jacksonville v. Vaughn, 92 Fla. 339, 110 So. 529 (1926); Karp v. Hodor, 166 So.2d 597 (Fla. 3d DCA 1964); Maistrosky v. Harvey, 133 So.2d 103 (Fla. 2d DCA 1961). This issue was also never reached by the jury because of the verdict finding no negligence on the part of the defendant.
Under Florida law, the general rule is that the owner of an artificial body of water is not guilty of actionable negligence for drownings therein unless it is so constructed as to constitute a trap or unless there is some unusual element of danger *95 lurking about it, not existent in ponds generally. Lomas v. West Palm Beach Water Co., 57 So.2d 881 (Fla. 1952); Newby v. West Palm Beach Water Co., 47 So.2d 527 (Fla. 1950); Hendershot v. Kapok Tree, Inc., 203 So.2d 628 (Fla. 2d DCA 1967); Switzer v. Dye, 177 So.2d 539 (Fla. 1st DCA 1965); Banks v. Mason, 132 So.2d 219 (Fla. 2d DCA 1961). The facts in this case simply do not reveal the existence of a trap or unusual hidden danger. The lake was constructed in accordance with applicable local ordinances and the "slope" of the bank was not so different from natural bodies of water so as to render the lake an attractive nuisance. The appellant's argument going to the depth of the water is simply without merit. It is well known that the depth of small lakes varies with the amount of rainfall, Switzer v. Dye, supra, and minor deviations, because of this phenomenon, cannot be considered a trap or unusual element of danger. Therefore, we find no error and affirm the final judgment on the jury verdict.
Affirmed.
JORGENSON, J., concurs.
FERGUSON, Judge, concurring.
I agree with the result solely because the lake on the defendant's property did not constitute a trap nor did it contain an unusual element of danger not existing in similar bodies of water. Cf. Allen v. William P. McDonald Corp., 42 So.2d 706 (Fla. 1949) (owner of artificial lake not guilty of actionable negligence for drownings therein unless lake constitutes a trap or there is an unusual element of danger therein not existing in lakes generally). Further, there was no evidence that any such condition was a factor in the infant's drowning. Otherwise the errors complained of, singularly, or in cumulative effect, would have constituted grounds for reversal. See, e.g., Walton v. Robert E. Haas Construction Corp., 259 So.2d 731 (Fla. 3d DCA) (where jury was told by defense counsel that police had charged plaintiff driver with traffic offense arising out of accident in question, new trial was required), cert. denied, 265 So.2d 48 (Fla. 1972) and Sharp v. Lewis, 367 So.2d 714, 715-16 (Fla. 3d DCA 1979) (Pearson, J., concurring specially) (reversible error may arise where comments of counsel are so strategically placed that their cumulative effect can be seen from reading the entire record).