654 So.2d 167 (1995)
Maria NAVARRO, etc., et al., Appellants,
v.
COUNTRY VILLAGE HOMEOWNERS' ASSOCIATION, et al., Appellees.
No. 94-972.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Rehearing Denied May 24, 1995.
*168 Joe N. Unger, Jack L. Herskowitz, for appellant.
Walton Lantaff Schroeder & Carson and Robert L. Teitler, for appellees.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
The plaintiffs, Maria Navarro, etc., et al., appeal from the final summary judgment entered in favor of the defendant, Country Village Homeowners' Association, in a wrongful death action. We affirm.
On June 22, 1990, in the late afternoon, Juan Navarro, age 35, took his two children to play in a lake in the residential development where they lived. Sometime after entering the lake with his children, Mr. Navarro, who did not know how to swim, drowned after stepping into a deep drop-off where the lake drastically changed from shallow water to deep water.
At the time of his death, Mr. Navarro had lived in the development with his family since 1986 (about 4 years). The lake where he drowned and its beach area were owned, operated, and maintained by the defendant for the exclusive use of its residents. The lake's beach area was adjacent to a picnic area and had several signs posted that stated, "Deep Water" and "Swim At Your Own Risk."
Subsequently, the plaintiffs sued the defendant and alleged that the decedent's death was caused by the defendant's careless and negligent operation and maintenance of the lake area. Specifically, the plaintiffs argued that the defendant had a duty to maintain the lake area in a safe and reasonable condition and that the defendant had breached that duty by not having sufficient or reasonable signs warning of a sudden, deep water drop-off not far from shore, by constructing and/or maintaining the lake so that it had a hidden, deep water drop-off in an area not far from shore, by not prohibiting swimming in an area that it knew, or should have known, would be dangerous to persons entering the lake, and by not having supervisory or lifeguard personnel in an area that it knew, or should have known, was dangerous.
Thereafter, relying on Saga Bay Property Ass'n v. Askew, 513 So.2d 691 (Fla. 3d DCA 1987), review denied, 525 So.2d 876 (Fla. 1988), the defendant filed a motion for summary judgment arguing that in Florida, as a matter of law, a drop-off in a lake is not a hidden danger so as to impose liability. The trial court ruled that Saga Bay was controlling and that the facts did not support an action for negligence. Consequently, the trial court granted final summary judgment for the defendant, and this appeal follows.
The plaintiffs contend that the trial court erred, as a matter of law, by entering final summary judgment in favor of the defendant where the decedent was the defendant's invitee, who was owed a duty of care, and whose death was proximately caused by defendant's negligence. We disagree.
"Under Florida law, the general rule is that the owner of an artificial body of water is not guilty of actionable negligence for drownings therein unless it is so constructed as to constitute a trap or unless there is some unusual element of danger lurking about it not existent in ponds generally." Kinya v. Lifter, Inc., 489 So.2d 92, 94-95 (Fla. 3d DCA), review denied, 496 So.2d 142 (Fla. 1986). "The lake's sharp change in depth is characteristic of lakes and does not constitute a concealed dangerous condition." Saga Bay, 513 So.2d at 693-94; see Hendershot v. Kapok Tree Inn, Inc., 203 So.2d 628 (Fla. 2d DCA 1967).
We find, as in Saga Bay, that a deep water drop-off does not constitute a concealed dangerous condition, and thus, the defendant below cannot be held liable for negligence in connection with the decedent's death. Therefore, the trial court properly entered final summary final judgment in favor of the defendant where there was no genuine issue as to any material fact, and the defendant was entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c).
Accordingly, we affirm.