PADOVANO, J.,
dissenting.
After the release of the en banc opinions in this case, the claimant filed a timely motion for certification under rule 9.330(a) of the Florida Rules of Appellate Procedure and Article V, section 3(b)(4) of the Florida Constitution. The employer did not oppose the motion. Although I think it is quite clear from the opinions on the merits of the case that the court has passed upon a question of great public importance, the court has denied the motion for certification. I take issue with this ruling. With due respect for my colleagues in the majority, the motion should have been granted.
There can be no doubt that the legal issue decided by the court was an important issue. It is apparent from the decision itself that the controversy relating to the proper interpretation of the applicable statutes was important enough to require the attention of all fifteen judges of this court. Moreover, the case was considered by this court en banc, because a substantial number of judges believed that the court had committed a serious error that effectively foreclosed the possibility of just compensation for many injured workers.
Nor can there be any doubt that the issue is one of public importance. The en banc decision affects not only the rights of the immediate parties, but also the rights of all similarly situated workers. As a consequence of the court’s prior decision, now endorsed by the en banc decision in this case, hundreds, perhaps thousands of disabled workers will be denied compensation for their workplace injuries. If this court has made a mistake — and even the majority must admit that is possible — the court should welcome the prospect of a correction. I do not know whether the supreme court would agree with the majority or the dissent on the merits of the case, but I do know that the decision this court has made is one that will have an impact on a large number of workers in Florida, It is precisely the kind of issue that should be certified to the supreme *635 court for discretionary review under Article V, section 3(b).
Perhaps this court would have been justified in denying certification of the legal question presented in this case if the court had provided a definitive answer to the question. But that is not the case. If nothing else, the sharp division between the judges illustrates that there might be more than one way to interpret the applicable statutes. The majority chose an interpretation that opens the Florida Workers’ Compensation Law to a serious constitutional challenge. Because the decision will no doubt spark a new wave of litigation, I do not think we can say that the court has resolved the underlying legal question. To the contrary, the decision marks the beginning of a more specific discussion about the adequacy of the statutory remedies as defined by the court. In my view, the uncertainty that exists now with respect to the rights of disabled workers creates a compelling need for supreme court review.
I recognize that the district courts of appeal are courts of final appellate jurisdiction and that subsequent review by the Florida Supreme Court is available only in limited circumstances. See Ansin v. Thurston, 101 So.2d 808 (Fla.1958). However, there are some issues that require the attention of the supreme court and I think that the issue raised here is plainly one of them. Even if there were some doubt about the importance of the issue or the impact it will have on the public, I fail to see the harm in granting the motion for certification.
All that certification would do is give the supreme court an opportunity to decide whether it should review the case. Because this kind of review is discretionary, the supreme court could simply decline to hear the case if it believed that the issue in this case was not important enough. However, by denying the motion for certification, this court has made that decision for the supreme court. The effect of the order denying the motion for certification is to foreclose the possibility of further review in this case.
This court should be particularly open to the possibility of certifying questions of great public importance in workers’ compensation cases, because there are very few other circumstances in which discretionary review is available in these cases. By a special grant of jurisdiction, the First District Court of Appeal hears all of the workers’ compensation appeals in Florida, regardless of the location of the lower tribunal. Consequently, there will never be a workers’ compensation appeal in which this court could certify conflict, and there will be very few cases in which the supreme court could review a decision of this court on the ground of express and direct conflict. Given the extremely limited opportunity for discretionary review, this court should be especially vigilant about the need to certify important workers’ compensation issues to the supreme court. We should fulfill our gatekeeping role by eliminating those issues that fail to meet the test of public importance, not by foreclosing review of our own decisions on important questions.
For these reasons, I would grant the motion for certification and give the Florida Supreme Court an opportunity to decide whether it should review the case.