399 So.2d 538 (1981)
Alvin R. WALTERS, As Personal Representative of the Estate of Mark Walters, Deceased, for and On Behalf of the Estate of Mark Walters, Alvin R. Walters, Individually, and Durla Walters, Appellants,
v.
GREENGLADE VILLAS HOMEOWNERS ASSOCIATION, INC., United States Fidelity and Guaranty Company, and F & R Builders, Inc., Appellees.
Nos. 80-1179, 80-1523.
District Court of Appeal of Florida, Third District.
June 16, 1981.
*539 Gilbride & Heller and Lewis N. Brown, Miami, for appellants.
Ponzoli & Wassenberg and Richard L. Wassenberg, Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellees.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
PER CURIAM.
The trial court held as a matter of law, in granting the defendants summary judgments, that there was no duty upon the developer of a condominium property or the homeowners' association to erect a fence or wall between the common area of the condominium and a canal owned by Dade County. We affirm.
In the instant case, the developer had turned over the management of the condominium complex to the homeowners' association some two and one-half years prior to the five-year-old child drowning in the canal.[1] The child resided in the complex with his parents, whose home was also adjacent to the canal.[2] To hold as the appellant suggests would require every landowner, who owns land adjacent to a canal in Dade County, to construct a fence or wall preventing access to the canal. We do not think that such a duty exists. Brooks v. Peters, 157 Fla. 144, 25 So.2d 205 (1946); Banks v. Mason, 132 So.2d 219 (Fla. 2d DCA 1961); Edwards v. Maule Industries, Inc., 147 So.2d 5 (Fla. 3d DCA 1962); Wingard v. McDonald, 348 So.2d 573 (Fla. 1st DCA 1977); Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981); Cousins v. Yaeger, 394 F. Supp. 595 (E.D.Pa. 1975); Corcoran v. City of San Mateo, 122 Cal. App.2d 355, 265 P.2d 102 (1953). It is also doubtful whether the homeowners' association could have legally fenced off the access to the canal, when it, together with a 25 foot easement running parallel to the canal, was owned by Dade County and the County was to have access to same pursuant to Ordinance No. 2-100(a), Code of Metropolitan Dade County.
Therefore, for the reasons above stated, the summary judgments[3] under review are hereby affirmed.
Affirmed.
NOTES
[1] The record does not disclose how or from where the child entered the canal.
[2] Compare: Alves v. Adler Built Industries, Inc., 366 So.2d 802 (Fla. 3d DCA 1979).
[3] The cause was at issue and the plaintiff had requested that it be set for trial by appropriate notice prior to the motions for summary judgments.