553 So.2d 168 (1989)
Linda K. PADDOCK, Petitioner,
v.
Chawallur DeVassy CHACKO, M.D., Respondent.
No. 72338.
Supreme Court of Florida.
December 7, 1989.
Neal P. Pitts, Orlando, Spence, Payne, Masington & Needle, P.A., and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for petitioner.
Harry K. Anderson, and E. Clay Parker and J. Scott Murphy of Parker, Johnson, Owen, McGuire & Michaud, Orlando, for respondent.
Joel I. Klein and Laurel Pyke Malson of Onek, Klein & Farr, Washington, D.C., and Raymond T. Elligett, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, amici curiae for Florida Psychiatric Society and Florida Defense Lawyers Ass'n, and the South Florida Psychiatric Society.
PER CURIAM.
On September 8, 1988, this Court entered its order accepting jurisdiction to review Paddock v. Chacko, 522 So.2d 410 (Fla. 5th DCA 1988). We have now determined that the Court is without jurisdiction, and therefore, the petition for review is denied.
No motion for rehearing will be entertained by this Court.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and GRIMES, JJ., concur.
McDONALD, J., concurs with an opinion, in which OVERTON, J., concurs.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
McDONALD, Justice, concurring.
The view expressed by my colleagues in dissent would have us renew the discarded precept of Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), and have us review the underlying record to determine if conflict exists. Foley was utilized, prior to the 1980 constitutional amendment, to allow this Court to review cases decided without opinion. Criticism of Foley, and the work created by it, was an important consideration of the changes in this Court's conflict jurisdiction. England, Mitchell, & Williams, Constitutional Jurisdiction of the Supreme Court of Florida: 1980 Reform, 32 U.Fla.L.Rev. 147, 176 (1980). Our jurisdictional statement now requires that a district court of appeal's decision expressly and directly conflict with a decision of another district court of appeal or of this Court before we have the discretion to accept it. Art. V, § 3(b)(3), Fla. Const. This jurisdictional criteria was adopted even though discretionary review of all cases has its attractions and its advocates.[*]
The opposing view argued that when the district courts of appeal were created in 1956 it was contemplated that those courts would have final appellate jurisdiction in most cases. This included situations where this Court might disagree with the final outcome of a case, but this should be tolerated so long as the stated principles of law are nonconflicting. In my judgment, it is neither appropriate nor proper for us to review a record to find conflict or to determine if we agree whether a district court's recitation of facts is correct; the opinion itself must directly and expressly, on its face, conflict with another opinion.
The opinion under review does not directly and expressly conflict with a decision of *169 another district court or of this Court and should not be further reviewed by us.
OVERTON, J., concurs.
BARKETT, Justice, dissenting.
In Paddock v. Chacko, 522 So.2d 410 (Fla. 5th DCA 1988), the district court held as a matter of law that a psychiatrist has no duty to compel a patient's hospitalization against her will. I agree that there is no conflicting opinion that holds otherwise. The problem here is that the district court made a factual finding that is belied by the record, and based on that finding, it decided the case on the wrong issue. The end result was that the district court applied a standard of law that conflicts with the principles established in Wale v. Barnes, 278 So.2d 601 (Fla. 1973).
In Wale, the Court held that the elements of a malpractice claim consist of (1) a duty of care owed by defendants to plaintiffs, (2) a breach of that duty, and (3) damages proximately caused by the breach. Id. at 603. There is no question that Florida law recognizes that physicians owe their patients a duty to exercise reasonable and ordinary care. The breach of that duty in a medical malpractice case is established by proving that a practitioner has departed from the accepted standards of care recognized as reasonable and prudent by similar health care providers.[1]Id. Elsewhere, the Court has held that there is a strong public policy in this state to leave questions of the foreseeability of damages with the jury when reasonable people may differ. Kaisner v. Kolb, 543 So.2d 732, 735 (Fla. 1989); Vining v. Avis Rent-A-Car Sys., Inc., 354 So.2d 54, 56 (Fla. 1977).
Paddock is nothing more than a simple medical malpractice case to which Wale applies. The question posed was whether the defendant physician conformed to or departed from reasonable standards of psychiatric care in discharging his duty as Paddock's physician.[2] The patient alleged that her physician departed from the applicable standard of care by failing to recognize the seriousness of her illness, by failing to properly prescribe medication to control her illness, and by failing to properly advise or treat her when she telephoned for emergency assistance. In a telephone conversation, Dr. Chacko recommended hospitalization. Paddock testified that she did in fact agree to hospitalization, whereas Dr. Chacko testified that Paddock refused.
Although there was testimony on both sides of this issue, the district court ignored the factual dispute and found that the patient's refusal to be hospitalized was an "admitted fact." Paddock, 522 So.2d at 413. Because of this erroneous finding, the district court framed the issue as whether the psychiatrist had a duty to involuntarily hospitalize a seriously disturbed patient after the patient refused to heed the doctor's advice to hospitalize herself.
It is difficult to ignore Paddock's meritorious argument that the district court misapplied the principles enunciated in Wale and other cases establishing the applicable duty of care. Thus, I would grant jurisdiction on the basis of conflict with Wale.
KOGAN, J., concurs.
NOTES
[*] Former Florida Bar member Tobias Simon, an active member of the Appellate Review Structure Commission, strongly advocated discretionary certiorari and urged that conflict should be a consideration, but not the final criterion, for Supreme Court review.
[1] Section 768.45(1), Florida Statutes (1981), provides in pertinent part:

The accepted standard of care for a given health care provider shall be that level of care, skill, and treatment which is recognized by a reasonably prudent similar health care provider as being acceptable under similar conditions and circumstances.
[2] The status of Dr. Chacko as Mrs. Paddock's physician is not disputed.