559 So.2d 726 (1990)
Cynthia SCOTT, As Personal Representative of the Estate of Antwan Nelson, a Minor, Deceased, Appellant,
v.
FUTURE INVESTMENTS OF MIAMI, INC., Appellee.
No. 88-3077.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
*727 R. Fred Lewis of Magill & Lewis, P.A., Miami, for appellant.
John R. Hargrove and Lillian P. Wolf of Heinrich Gordon Batchelder Hargrove Weihe & Gent, Fort Lauderdale, for appellee.
PER CURIAM.
We review the trial court's granting of appellee's motion for summary judgment.
Appellant's seven year old son drowned in a water control canal running behind the apartment his aunt rented from the appellee. Someone else owned the canal, but appellant maintained the abutting backyard. The mother as personal representative brought a wrongful death action. She alleged that appellee's failure to erect a fence or provide other safety precautions next to the sandy embankment with its sudden drop-off was negligent maintenance of the complex.
Saga Bay Property Owners Association v. Askew, 513 So.2d 691 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 876 (Fla. 1988), one of the authorities cited in the trial judge's two page Final Summary Judgment, states at 692-693:
The owner of a body of water is not liable merely because a child may be too young or of insufficient intelligence to understand the open and obvious danger of the water; the responsibility for the care of such children remains with their parents and caretakers. To shift the responsibility to the [water] owner  by virtue of ownership alone  is to unreasonably require the owner to fill the [area] or fence it in order to guard against being held liable. (Citations omitted). An owner of a natural or artificial body of water has no duty to fence it. (Citations omitted). Likewise, an owner has no duty to post guards or signs in areas not designated for swimming. (Citations omitted).
Thus, there is no liability for a child's drowning in a body of water, natural or artificial, unless there is some unusual danger not generally existing in similar bodies of water or the water contains a dangerous condition constituting a trap.
If the law is such for an owner of a body of water surely the law is at least the same for a nonowner.
Appellant produced no evidence of sloping sand banks similar to those which imposed liability in Allen v. William P. McDonald Corp., 42 So.2d 706 (Fla. 1949). A "sharp drop-off" has been held not to be an unusual element of danger. Hendershot v. Kapok Tree Inn, Inc., 203 So.2d 628 (Fla. 2d DCA 1967).
The existence of a legal duty is a question of law for the court and not for the jury. Paddock v. Chacko, 522 So.2d 410 (Fla. 5th DCA 1988), rev. denied, 553 So.2d 168 (Fla. 1989). The trial judge found that the photographs admitted into evidence did not show any hidden trap or danger.
We find no genuine issue of material fact and that the appellee is entitled to judgment as a matter of law. Accordingly, we affirm the granting of appellee's summary judgment, but note as did the Saga court at 694 (citing Demuth v. Old Town Bank, 85 Md. 315, 319-20, 37 A. 266, 266 (1897) (citation omitted)):
This is a case of exceedingly great hardship, and we have diligently, but in vain, sought for some tenable ground upon which the [appellant] could be relieved from the loss that [an affirmance] of the decree appealed from will necessarily subject [her] to. But hard cases, it has been often said, almost always make bad law; and hence it is, in the end, far better that the established rules of law should be strictly applied even though in particular instances serious loss may be thereby inflicted on some individuals, than that by subtle distinctions invented and resorted to solely to escape such consequences, long settled and firmly-fixed doctrines should be shaken, questioned, confused or doubted. It is often *728 difficult to resist the influence which a palpable hardship is calculated to exert; but a rigid adherence to fundamental principles at all times and a stern insensibility to the results which an unvarying enforcement of those principles may occasionally entail, are the surest, if not the only, means by which stability and certainty in the administration of the law may be secured.
GLICKSTEIN, GUNTHER and GARRETT, JJ., concur.