846 So.2d 552 (2003)
Stepphone FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1095.
District Court of Appeal of Florida, Fourth District.
April 16, 2003.
Rehearing Denied June 19, 2003.
*553 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was convicted of burglary of a dwelling and grand theft. He argues the trial court erred in refusing to permit him to reopen cross-examination of a prosecution witness. Instead, the trial court ordered him to call the witness as his own, depriving him of his right to open and close final argument. Because appellant's cross-examination related directly to the witness' direct testimony and was an integral part of appellant's defense, we conclude that the trial court abused its discretion in refusing to permit the defense to recall the witness. This denial of a "vested procedural right" constitutes reversible error.
The victims' home was broken into and ransacked sometime during the morning of April 12, 2000. After discovery of the burglary and contact with a person who observed two men loading computer equipment into a green Mazda automobile parked behind the victims' home, the victims informed the police that they believed appellant was the one who broke into the home. They knew appellant and knew that he drove a green Mazda. The police determined that appellant's girlfriend, Datrina Goodwin ("Goodwin"), owned a green Mazda. She testified at trial that while she was working appellant was allowed to drive her car. At her deposition, Goodwin maintained appellant was not using her car on the date of the burglary, but at trial, she could not remember whether she was working at the time of the crime. She testified that if she had been at work, appellant would have had her car. If she had not been at work, she would have been with appellant, as they were together during all of her non-working hours.
Before trial, defense counsel advised the court that it had requested copies of Goodwin's employment records and had already obtained a court order for their production, but they had not yet been received. After Goodwin's testimony, defense counsel asked the judge not to excuse her because he might need her as a witness for the defense's case.
When the state rested, the court asked defense counsel if it intended to offer any evidence. Defense counsel asked to recall Goodwin but insisted her questioning should be considered cross-examination in order to preserve defense's procedural right to begin and end closing arguments. Because defense counsel had finally obtained Goodwin's employment records, he now wanted to refresh Goodwin's recollection *554 as to whether she was working at the time of the crime. The prosecutor objected, stating defense counsel knew about this witness for a long time and failed to timely subpoena the records. Defense counsel countered that he had obtained a court order for their production. The court denied defense counsel's request. Rather than omit Goodwin's testimony, defense counsel called Goodwin to refresh her recollection as to her work hours on April 12, 2000, which revealed that she was at work from 4 p.m. to 8 p.m. She then testified that she was with appellant the entire day prior to her arrival at work. Therefore, he could not have burglarized the victims' home earlier that morning. Although the defense did not call any other witnesses, it was not given the right to open and close final argument.
This case is similar to Vazquez v. State, 700 So.2d 5 (Fla. 4th DCA 1997), where the trial court also refused the defense's request to reopen cross-examination of a witness. The case involved drug trafficking and the defense claimed entrapment. The state presented the testimony of a detective who presented several taped conversations. After the witness testified, the defense moved to reopen cross-examination of the detective to present additional taped conversations recorded by the detective which went to the claim of entrapment. The trial court refused, and the defendant decided not to call the witness so that he would not lose the right to open and close during closing arguments. We relied on Hahn v. State, 58 So.2d 188 (Fla.1952), and Coco v. State, 62 So.2d 892 (Fla.1953), to hold that while a request to reopen cross-examination lies within the sound judicial discretion of a trial judge, that "discretion is abused when it touches upon the right to cross-examination that has its purpose the weakening of the testimony given by the witness on direct examination by the state." Vazquez, 700 So.2d at 8. We noted that Coco had based its similar ruling of error in failing to permit a criminal defendant from reopening cross-examination on the constitutional nature of the right of cross-examination:
[T]he right of a full and fair cross-examination of a witness upon subjects the door to which is pushed ajar on the examination in chief is an absolute right which has as its genesis Section 11 of the Florida Declaration of Rights. This Section provides that an accused shall have the right "to meet the witnesses against him face to face" in open court before an impartial jury.
Id. (quoting Coco, 62 So.2d at 896).
In this case, the matter on which the defense wished to cross-examine went directly to the significant issue upon which Goodwin was examined by the state. Goodwin, the owner of the green Mazda, testified that appellant had the use of her vehicle when she was at work but she did not remember whether she was at work at the time of the burglary. The evidence went only to this significant issue sought to be introduced during reopened cross-examination. The evidence would have shown that Goodwin was not at work at the time of the incident and, thus, according to her testimony, would have been with appellant, weakening the state's use of her testimony for the proposition that appellant had access to her car at the time of the crime. This evidence was crucial to the defense and should have been allowed as cross-examination. Id. at 9.
Because appellant was entitled to question Goodwin on reopened cross-examination instead of calling her as his own witness, he was entitled to open and close during closing argument. See Fla. R.Crim. P. 3.250. The defense's right to make the final closing argument, where no evidence except the defendant's own testimony has been introduced, is a vested procedural right, the denial of which constitutes reversible error. See Wyatt v. *555 State, 270 So.2d 47, 49 (Fla. 4th DCA 1972). This error is not subject to harmless error analysis. See Wike v. State, 648 So.2d 683, 686 (Fla.1994); Raysor v. State, 272 So.2d 867, 869 (Fla. 4th DCA 1973). We therefore reverse and remand for a new trial.
Reversed for a new trial.
STONE and GROSS, JJ., concur.