FARMER, J.
By summary judgment, the trial court determined that defendant could not legally be held liable in money damages for a child who fell from a dock on a seawall into an open body of water covering sharp rocks. Among other things, plaintiff alleged that the property owner was negligent in failing to erect safety barriers and warnings. In affirming, we reject the father’s contention that the “open and obvious” doctrine as applied to bodies of water is not applicable when the victim is a young child.
The outcome in this case is yet another result of the rule applied in the line of cases represented by Saga Bay Property Owners Ass’n v. Askew, 513 So.2d 691 (Fla. 3d DCA 1987). There the parents of a six year old child who drowned in an artificial lake near their home brought an action against the owners of the residential development in which the lake was located, alleging that the owners were negligent in failing to fence the area. The Third District held that the owners could not be held liable because “an owner of a natural or artificial body of water has no duty to fence it.” 513 So.2d at 693. The court reasoned:
“The fundamental proposition that drowning is a risk inherent in any body of water leads to some equally fundamental legal principles. The owner of a body of water is not liable merely because a child may be too young or of insufficient intelligence to understand the open and obvious danger of the water; the responsibility for the care of such children remains with their parents and caretakers. To shift the responsibility to the lake owner — by virtue of *1054 ownership alone- — -is to unreasonably require the owner to fill the lake or fence it in order to guard against being held liable.” [e.s.]
513 So.2d at 692-93; see also Navarro v. Country Village Homeowners’ Ass’n, 654 So.2d 167 (Fla. 3d DCA 1995) (deep water drop-off did not constitute concealed dangerous condition and thus, under Saga Bay, association could not be held liable for negligence in connection with resident’s death).
Likewise, in Walters v. Greenglade Villas Homeowners Ass’n, Inc., 399 So.2d 538 (Fla. 3d DCA 1981), the same court held that a condominium association could not be held liable for the drowning death of a resident child in a canal bordering the common area. The court explained:
“To hold as the appellant suggests would require every landowner, who owns land adjacent to a canal in Dade County, to construct a fence or wall preventing access to the canal. We do not think that such a duty exists.”
399 So.2d at 539.
Indeed, we followed Saga Bay in Scott v. Future Investments of Miami, Inc., 559 So.2d 726 (Fla. 4th DCA 1990), where the mother of a seven year old boy who drowned in a water control canal bordering the rear of her apartment complex sued the owners of the apartments for wrongful death. The canal was not owned by the owners of the apartment complex. The child’s mother alleged that failure of the owner of the apartment complex “to erect a fence or provide other safety precautions next to the sandy embankment with its sudden drop-off was negligent maintenance of the complex.” Relying on the Saga Bay rule that “an owner of a natural or artificial body of water has no duty to fence it,” we held that “[i]f the law is such for an owner of a body of water surely the law is at least the same for a nonowner.” 559 So.2d at 727. Compare Gilbertson v. Lennar Homes, Inc., 629 So.2d 1029 (Fla. 4th DCA 1993) (fact question existed in action for damages from drowning death of child in lake excavated for drainage purposes in residential development; local water management district regulations created duty which, if breached by developer, would give rise to cause of action for damages; and record demonstrated question of fact as to whether developer had complied with such regulations in constructing lake). Accordingly, we affirmed the trial court’s ruling that the owner of the apartments had no duty to erect a fence to prevent residents’ access to the canal.
More recently in Kaweblum v. Thornhill Estates Homeowners Ass’n, Inc., 801 So.2d 1015 (Fla. 4th DCA 2001), we applied the rule where the victim fell into a drainage canal and struck her head on a rock and drowned. We rejected the plaintiffs contended exception to the rule for bodies of water with a very steep drop off from the bank. We quoted the following:
“The rule supported by the decided weight of authority is that the owner[s] of artificial lakes, fish ponds, mill ponds, gin ponds and other pools, streams and bodies of water are not guilty of actionable negligence on account of drownings therein unless they are constructed so as to constitute a trap or raft or unless there is some unusual element of danger lurking about them not existent in ponds generally.”
801 So.2d at 1017 (quoting Allen v. William P. McDonald Corp., 42 So.2d 706, 706 (Fla.1949)). We held that plaintiff failed to support the claim that the canal in question presents a unique danger generally not existing with similar bodies of water or that the canal contains a dangerous condition virtually constituting a trap. 801 So.2d at 1017-18.
*1055 We see no way around these “body of water” cases. Florida is planted thick with masses of water, large and small, many touching towns, cities and residential developments from the very western tip of the Panhandle to the outermost island in the Keys. What the law might require for one lake or canal or river or pond must inevitably apply to all of them. The body of water rule has been around for more than a half-century. Any change or abandonment of the rule would have far-reaching effects in this state. Even though one might advocate a rule protecting young children who fall or walk into such bodies, it is up to the Legislature to make such a change.

Affirmed.

STONE and MAY, JJ., concur.