PER CURIAM.
C.H. appeals an adjudication of delinquency entered against him for a charge of resisting an officer without violence. C.H. argues that there was insufficient evidence to support the trial court’s denial of a motion for judgment of acquittal and that the trial court erred in allowing the State to speak first and last in closing argument. We find that there was sufficient evidence to overcome a motion for judgment of acquittal and affirm on this issue. See I.M. v. State, 917 So.2d 927, 929 (Fla. 1st DCA 2005). However, we hold that the trial court erred in directing the State to proceed first and last in closing argument, and reverse and remand for further proceedings.
Florida Rule of Juvenile Procedure 8.110(d) states that “[a] child offering no testimony in his or her own behalf except his or her own shall be entitled to the concluding argument.” Section 918.19, Florida Statutes (2007), provides, however, that the prosecution may speak first and last during closing arguments in a criminal prosecution. In E.K. v. State, 963 So.2d 309 (Fla. 1st DCA 2007), this court held *568 that in juvenile delinquency cases Florida Rule of Juvenile Procedure 8.110(d) governs. Further, “because the right to a final closing argument is a vested procedural right, the error cannot be considered harmless.” Id. at 309-310 (citing Wike v. State, 648 So.2d 683, 686 (Fla.1994); Freeman v. State, 846 So.2d 552 (Fla. 4th DCA 2003)).
Here, C.H. offered only his own testimony as evidence at trial and, thus, was entitled to the concluding argument under rule 8.110(d). Accordingly, we affirm in part and reverse in part and remand for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part and REMANDED.
ALLEN, WEBSTER and VAN NORTWICK, JJ., concur.