ROTHENBERG, Judge.
D.B., a juvenile, appeals from an order withholding adjudication of delinquency and placing him on probation. His sole argument on appeal is that the trial court erred in permitting the State to give the first and final closing arguments. Because D.B. did not present any evidence nor offer any testimony in his own behalf at the adjudicatory hearing, he was entitled to present the first and final closing arguments. As D.B. timely objected to the procedure employed by the trial court, we reverse.
In an adult criminal prosecution, the State is entitled to give the first closing argument and to reply to the accused’s closing argument in rebuttal even where the accused has offered no evidence other than his or her own testimony in his or her behalf. § 918.19, Fla. Stat. (2007); Fla. R.Crim. P. 3.381. However, a juvenile delinquency case is not an adult criminal prosecution, and therefore, Florida Rule of Juvenile Procedure 8.110(d) governs juvenile proceedings. See C.H. v. State, 969 So.2d 567, 567-68 (Fla. 1st DCA 2007); E.K. v. State, 963 So.2d 309, 309 (Fla. 1st DCA 2007). The rule states that “[a] child offering no testimony in his or her own behalf except his or her own shall be entitled to the concluding argument.” Fla. R. Juv. P. 8.110(d). And because the right to present the concluding argument is a vested procedural right, “the error cannot be considered harmless.” C.H., 969 So.2d at 568 (quoting E.K., 963 So.2d at 309-10).
Accordingly, as the State properly concedes, the facts mandate a reversal, and the sole issue before this Court is whether D.B. is entitled to a new adjudicatory hearing on remand. D.B. argues that a new adjudicatory hearing is required because a limited remand for entirely new closing arguments cannot sufficiently address the prejudice to D.B. We disagree.
D.B. directs our attention to a series of appellate decisions wherein juvenile defendants were denied the right to present a closing argument. See J.M.S. v. State, 921 So.2d 813 (Fla. 5th DCA 2006); T.W. v. State, 677 So.2d 111 (Fla. 4th DCA 1996); T. McD. v. State, 607 So.2d 513 (Fla. 2d DCA 1992); M.E.F. v. State, 595 So.2d 86 (Fla. 2d DCA 1992); E.C. v. State, 588 So.2d 698 (Fla. 3d DCA 1991); E.V.R. v. State, 342 So.2d 93 (Fla. 3d DCA 1977). Invariably, those courts remanded for new adjudicatory hearings. D.B. maintains that the above-captioned authorities illus *1121 trate that the prejudice caused by the erroneous denial of a closing argument can only be cured by a new trial.
However, the instant case is critically distinguishable from those in which the defendant was denied the opportunity to present any closing argument at the adjudicatory hearing. Entirely denying a defendant the right to present a closing argument is “an absolute violation of the Sixth Amendment.” J.M.S., 921 So.2d at 816 (citing M.E.F., 595 So.2d at 87). On the other hand, where, as here, the defendant makes a closing argument at the adjudicatory hearing, but is denied the opportunity to offer a rebuttal to the State’s closing, a procedural right, not a constitutional due process right, is implicated. See C.H., 969 So.2d at 568. Based upon this distinction, we conclude that the prejudice caused by allowing the State to present the first and last closing arguments in violation of Florida Rule of Juvenile Procedure 8.110(d) can be cured by a limited remand.
At oral argument, both D.B. and the State represented that on remand, the case will most likely be assigned to the judge who presided over the original adjudicatory hearing, not a judge whose review is limited to the “cold record” of the case. Therefore, after a procedurally sufficient closing, the judge’s reconsideration of the case will remedy the procedural violation suffered by D.B.
We, therefore, reverse and remand for a limited proceeding before the original presiding judge, where D.B. is to be afforded the opportunity to present the initial closing argument, and a rebuttal argument after the State’s argument, in accordance with Florida Rule of Juvenile Procedure 8.110(d). In the event the judge who presided over D.B.’s adjudicatory hearing is no longer available to hear the closing arguments, D.B. must be afforded a new adjudicatory hearing.
Reversed and remanded with instructions.