PER CURIAM.
Defendant/Appellant, J.C., appeals her disposition of guilt in a juvenile proceeding, contending that she was not afforded the opportunity — pursuant to Florida Rule of Juvenile Procedure 8.110(d) — to make the concluding closing argument in her adjudicatory hearing. On confession of error by the State, we reverse. See B.S. v. State, No. 3D07-2088 (Fla. 3d DCA July 16, 2008). Because the error in question was procedural, and not substantive, only a limited remand for a “procedurally sufficient closing” is necessary, so long as the judge who presided over the original adjudicatory hearing is available. See D.B. v. State, 979 So.2d 1119, 1121 (Fla. 3d DCA 2008) (“[A]fter a procedurally sufficient closing, the judge’s reconsideration of the case will remedy the procedural violation. ...”).
Furthermore, we decline the invitation by Appellant to certify conflict in this case. See Art. V, § 3(b), Fla. Const. (“The supreme court ... [m]ay review any decision of a district court of appeal ... that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.”). Appellant argues that two cases, E.K. v. State, 963 So.2d 309 (Fla. 1st DCA 2007), and C.H. v. State, 969 So.2d 567 (Fla. 1st DCA 2007), expressly and directly conflict with the limited remedy set in place by this Court in D.B. See D.B., 979 So.2d at 1121. We disagree. In C.H., the First District — after finding error where a juvenile division trial court allowed the State to proceed with the first and final closing argument — reversed and remanded the case “for further proceedings.” C.H., 969 So.2d at 568. In E.K., the same court — in a materially identical procedural posture — remanded “for additional proceedings.” E.K., 963 So.2d at 309. Neither opinion is clear as to whether “further proceedings” or “additional proceedings” meant new closing arguments or a new adjudicatory hearing. Thus no “express” conflict exists between the cases that would require certification. See Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980) (“The dictionary definitions of the term ‘express’ include: ‘to represent in words’; ‘to give expression to.’ ‘Expressly’ is defined: ‘in an express manner.’ ”); Aravena v. Miami-Dade County, 928 So.2d 1163, 1166-67 (Fla.2006) (allowing for conflict-based review of “irreconcilable” district court opinions); see also Paddock v. Chacko, 553 So.2d 168, 168-69 (Fla.1989) (McDonald, J., concurring) (“[I]t is neither appropriate nor proper for us to review a record to find conflict ...; the opinion itself must directly and expressly, on its face, conflict with another opinion.”); Reaves v. State, 485 So.2d 829, 830 (Fla.1986) (“Neither a dissenting opinion nor the record itself can be used to establish [conflict] jurisdiction.”).
Reversed and remanded.